UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSE VASQUEZ,<br><br>  Defendant. | No. 2:18-cr-00162-GEB<br><br>**ORDER DENYING OVERBROAD SEALING REQUEST** |

On August 28, 2019, Defendant Jose Vasquez filed on the public docket a motion for a sealing order which would authorize him to file his Sentencing Memorandum under seal. Motion, ECF No. 35. On the same day, Vasquez emailed his sentencing memorandum and certificates he earned (Exh. A to the sentencing memorandum) to chambers for in camera consideration of his sealing request.

Vasquez has not shown that the extent of secrecy he seeks is authorized under federal sealing jurisprudence, and certain redactions he seeks are already authorized redactions prescribed in Federal Rule of Criminal Procedure 49.1(a).

1

Most of the content of the sentencing memorandum Vasquez seeks to seal is not typically kept secret. Therefore, the "starting point" of the analysis on whether the sealing request should be granted begins with "a strong presumption in favor of access." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-1179 (9th Cir. 2006) ("Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point.") (internal citation omitted). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal citations omitted).

As explained in United States v. Kravetz:

> [A]dvocacy memoranda, commonly submitted by the parties to the court in advance of sentencing, are "judicial records" entitled to a common law presumption of access . . . [S]entencing memoranda . . . bear directly on criminal sentencing in that they seek to influence the judge's determination of the appropriate sentence, [and] fall squarely into the category of materials that a court relies on in determining central issues in criminal litigation.
>
> . . .
>
> Public access to sentencing memoranda is consonant with the values animating the common law right. 'Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." The presence of such oversight

>                    serves several values when a court is called
>                    upon to exercise its discretion to impose a
>                    criminal sentence. Public access in this
>                    context may serve to "check any temptation
>                    that might be felt by either the prosecutor
>                    or the court ... to seek or impose an
>                    arbitrary or disproportionate sentence,"
>                    promote accurate fact-finding, and in general
>                    stimulate public confidence in the criminal
>                    justice system by permitting members of the
>                    public to observe that the defendant is
>                    justly sentenced[.] These salutary effects of
>                    access to sentencing hearings also serve to
>                    support public access to sentencing
>                    memoranda.

U.S. v. Kravetz, 706 F.3d 47, 56-57 (1st Cir. 2013) (internal citations omitted).

Further, "the First Amendment right of access also applies to [certain sealing requests in] sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012). This access right imposes "the burden [on] the party seeking closure, here [Vasquez], to present facts supporting closure and to demonstrate that available alternatives will not protect [the interests he desires to argue in a secret proceeding]." Oregonian Pub. Co. v. U.S. Dist. Court, 920 F.2d 1462, 1467 (9th Cir. 1990). Vasquez has not satisfied this burden.

>                    The Supreme Court has made clear criminal
>                    proceedings and documents may be closed to
>                    the public without violating the first
>                    amendment only if three substantive
>                    requirements are satisfied: (1) closure
>                    serves a compelling interest; (2) there is a
>                    substantial probability that, in the absence
>                    of closure, this compelling interest would be
>                    harmed; and (3) there are no alternatives to
>                    closure that would adequately protect the
>                    compelling interest.

Oregonian Pub. Co., 920 F.2d at 1466. "[E]ven if [certain] privacy rights of [Vasquez] in [his sentencing memorandum and his referenced certificates] constitute a compelling interest,"

3

Vasquez has not shown that there are no "alternatives" to the degree of "closure" or secrecy he seeks "that can protect these interests." United States v. Guerrero, 693 F.3d 990, 1003 (9th Cir. 2012) (discussing certain "alternatives" to "full disclosure" and finding since "alternatives to closure" existed "it was not clear error to conclude that [the movant's] privacy interests do not override the First Amendment right of access.").

Since Vasquez has not provided justification for the degree of sealing he seeks, his sentencing memorandum and certificates are deemed returned to him so that he could decide how to proceed in light of this ruling. See Local Rule 141 (e)(1) ("If a [sealing] Request is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied.").

Dated: August 30, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4